UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LUIS EDUARDO CUEVAS-RODRIGUEZ,**

            Petitioner(s),                **CASE NUMBER: 06-11918**
                                              **HONORABLE VICTORIA A. ROBERTS**

v.

**MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security, and
ROBIN BAKER, Regional Director, Bureau
of Immigration and Customs Enforcement,**

            Respondent(s).
_____/

**ORDER**

This matter is before the Court on Petitioner Luis Eduardo Cuevas-Rodriguez's Petition for Writ of Habeas Corpus, and Respondents Michael Chertoff and Robin Baker's Motion to Vacate Stay of Removal. For the reasons stated below, the Petition for Writ of Habeas Corpus is **DENIED** and Respondents' motion is **GRANTED**.

Petitioner Luis Eduardo Cuevas-Rodriguez is a native of Mexico. It is unknown when or how he entered the United States and he is not a legal permanent resident. In April 2004, Petitioner pled guilty in Wayne County Circuit Court to felony firearm and assault with intent to do great bodily harm, in violation of M.C.L. §§750.227b and 750.84, respectively. He was sentenced to two years and three days. On August 24, 2004, Immigration and Customs Enforcement ("ICE") entered a Final Administrative Removal Order based on the fact that Petitioner is not a citizen or national of the United

1

States and was not admitted for permanent residence, and because he was convicted of an aggravated felony as defined in 8 U.S.C. §1103(a)(43). Petitioner was released from prison on April 24, 2006. ICE immediately took him into custody, pursuant to 8 U.S.C. §1226, and scheduled him for removal.

On the same day that he was taken into custody by ICE, Petitioner filed a Motion for Relief from Judgment in the state court action. He requests that the Court set aside its judgment and grant him a new trial. Petitioner contends that §1226(c) does not apply to him because of his pending motion. He further argues that the mandatory detention required by §1226(c), despite his pending motion, violates his right to substantive and procedural due process.

Respondents assert that, notwithstanding the fact that the warrant for Petitioner's arrest was based upon §1226, Petitioner is subject to mandatory detention under 8 U.S.C. §1231(a)(2).

Respondents are correct. Section 1231, rather than §1226, applies to aliens detained after a final order of removal has been entered and the removal period begins to run. *See Quezada-Bucio v Ridge*, 317 F.Supp.2d 1221, 1223-1224 (W.D. Wash. 2004). The removal period begins to run on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231(a)(1)(B).

In this case, Petitioner's removal became administratively final on August 24,

2004.  But, because he was incarcerated, Petitioner's removal period began to run on the date that he was released from custody on the state court conviction, April 24, 2006. Petitioner seems to assert that the removal period is stayed, pursuant to subsection §1231(a)(1)(B)(ii), because he has a pending motion on the merits of his underlying conviction.  However, §1231(a)(1)(B)(ii) only tolls the removal period when the removal order is under judicial review and a court enters a stay of removal.  Here, there is no evidence that Petitioner ever appealed the final order of removal or even petitioned for a stay of removal.[1]  And, Petitioner cites no authority indicating that his state court motion operates as an automatic stay.  Therefore, Petitioner is detained pursuant to §1231, rather than §1226.

Under 8 U.S.C. §1231(a)(2), once the removal period begins, the Government must detain an alien for 90 days, during which time it must attempt to effect the removal. However, 8 U.S.C. §1231(a)(6) provides that an alien may be detained beyond the 90 day period if he is inadmissible (under 8 U.S.C. §1182), removable (under certain provisions of 8 U.S.C. §1227), or has been determined to be a risk to the community or unlikely to comply with the order of removal.  While detention under §1231(a)(6) may not continue indefinitely, six months is considered a  presumptively reasonable period of time for the Government to secure removal.  *Zadvydas v Davis*, 533 U.S. 678, 700-701

---

[1] In his Prayer for Relief, Petitioner asks that this Court enter a stay of the order of removal, pending a ruling on his state court motion.  As Respondents point out, however, 8 U.S.C §1252(g) expressly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien."   (emphasis added).  *See also Mousa v Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004).

(2001). If the alien has not been removed within 6 months and removal is no longer reasonably foreseeable, continued detention under §1231(a)(6) is not authorized. *Id* at 699. The alien may petition the court for release if he can show that there is no significant likelihood of his removal in the foreseeable future. Id at 701. The Government is then required to rebut the showing with evidence.

Petitioner's Order of removal became final in August 2004. In the Order, Petitioner was found to be deportable under 8 U.S.C. §1227(a)(2)(A)(iii) because he was convicted of an aggravated felony. ICE also found that Petitioner was not lawfully admitted for permanent residence. Therefore, he was also inadmissible under 8 U.S.C. §1182(6)(A)(i). Consequently, Petitioner's detention is mandatory for 90 days under §1231(a)(6), and it is presumptively reasonable for up to six months under *Zadvydas v Davis*, *supra*. Because Plaintiff has only been in custody since April 24, 2006, his petition is premature and must be **DENIED**. The Court **GRANTS** the Respondents' motion to vacate the stay of removal entered by this Court to preserve jurisdiction.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 23, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 23, 2006.

S/Carol A. Pinegar
Deputy Clerk